SEWARD PROSSER and SHEPPARD HOMANS, JR., Appellants, v. HENRY W. MILLER, Respondent.

APPEAL from a judgment entered upon a verdict in favor of the defendant, and from an order denying a motion for a new trial.

Hardy & Shellabarger (J. M. Shellabarger, of counsel), for appellants.

Daniel Seymour (Henry Parsons, of counsel), for respondent.

O'DWYER, J. The complaint alleges: "That heretofore and on or about the 25th day of February, 1901, plaintiffs, at the request of the defendant, paid and advanced, on defendant's behalf, to the Equitable Life Assurance Society of the United States, the sum of $169.40; said sum being the amount of semi-annual premium upon a certain policy of life insurance which had been issued by said the Equitable Life Assurance Society of the United States to the defendant.

"That in consideration of the payment and advancement of moneys so made by plaintiffs, on behalf and at the request of defendant, as aforesaid, defendant promised to repay said moneys to plaintiffs on the 1st day of March, 1901; and that as evidence of and security for said indebtedness of defendant to plaintiffs, defendant made, executed and delivered to these plaintiffs his

certain due bill for said sum of $169.40, which was payable on the 1st day of March, 1901.

" That plaintiffs duly demanded of defendant payment to them of the said sum of $169.40 on the 1st day of March, 1901, the date when said indebtedness fell due, but that the defendant then refused and still refuses to pay said sum, or any part thereof."

There is no denial of these allegations in the answer, but the defendant alleges for a separate defense:

" That the advance made and alleged in the complaint was upon the condition that defendant was to repay said sum only in case he was able to do so on March 1, 1901, and if not able, the insurance policy was to be returned to plaintiffs, who agreed to have the same cancelled.

" That defendant, on March 1, 1901, was unable to pay said premium of one hundred and sixty-nine 40/100 dollars to the plaintiffs, and has delivered up said policy to the plaintiffs for cancellation, in accordance with the aforesaid agreement."

On the trial plaintiffs introduced the due bill, referred to in the third paragraph of the complaint, which is in form as follows:

" Policy No. 2,002,764 is in my hands with revenue stamps duly cancelled. The first semi-annual premiums thereunder I will pay on the

" First day of March, 1901.

. . . . . . . . . . . . . . . . . . . . . .
" First day of April, 1901.

" HENRY W. MILLER.

" HENRY W. MILLER.

" $169.40."

The policy referred to in the due bill was also introduced by plaintiffs, who then rested, and thereupon the defendant, over objection and exception of the plaintiffs, was permitted to introduce evidence to the effect that prior to the delivery of the due bill, and the advance by plaintiffs to the assurance company, he had agreed with the plaintiffs that he was only to repay the sum so advanced, if able to do so, and if not able the insurance policy was to be returned. The admission of this testimony was error; which requires reversal of the judgment. The making of the due bill in writing, and the consideration therefor is admitted, and the defendant may not, by oral testimony, qualify the liability stated in the written contract. There is no claim of fraud, or want of consideration, made with respect to that written con-

tract, and in the absence of such testimony will not be admitted to vary the terms thereof. It was also error to admit as part of defendant's case the letter written by defendant to the plaintiffs after the cause was at issue.

Judgment and order appealed from reversed and a new trial ordered, with costs to appellants to abide the event.

CONLAN and HASCALL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.